# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT CHATTANOOGA

| BILLY JOSEPH SMITH, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No.  1:20-CV-071-PLR-CHS |
| HARDIN COUNTY, TN, SAVANNAH LAW ENFORCEMENT, HCCF, COURT SYSTEM, SUBWAY, PIZZA HUT, ALL DISPATCH, and COURT APPOINTED ATTORNEYS, | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

Plaintiff, a prisoner of the Tennessee Department of Correction, has filed a pro se complaint for violation of 42 U.S.C. § 1983 [Doc. 2] and a motion for leave to proceed *in forma pauperis* [Doc. 1].

Plaintiff's claims arise out of incidents that occurred in Savannah, Tennessee prior to his incarceration and the conditions of his current confinement in the Hardeman County Correctional Facility ("HCCF") [Doc. 2]. The general venue statute for federal district courts provides in relevant part as follows:

> A civil action may be brought in—(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C.A. § 1391(b)(1)-(3). A federal district court may transfer a civil action to any district or division where it could have been filed originally "in the interest of justice." 28 U.S.C. § 1406(a).

As set forth above, Plaintiff's complaint sets forth claims that occurred in Savannah, which is in Hardin County, Tennessee, prior to his confinement and the conditions of his confinement in HCCF. Both Hardin County and Hardeman County lie within the Eastern Division of the United States District Court for the Western District of Tennessee. 28 U.S.C. § 123(c)(1). The Court therefore concludes that the proper venue for this case is the Eastern Division of the Western District of Tennessee. *See O'Neill v. Battisti*, 472 F.2d 789, 791 (6th Cir. 1972) (finding that venue in a suit against a public official lies in the district where he performs his official duties).

Accordingly, the Clerk will be **DIRECTED** to transfer this action to the Eastern Division of the Western District of Tennessee and to close this Court's file.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER**.

_____
**CHIEF UNITED STATES DISTRICT JUDGE**